PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. CÁNDIDO DÍAZ, Defendant and Appellant.

No. 2778. Argued June 15, 1926.—Decided July 6, 1926.

*Leopoldo Tormes* for the appellant. *José E. Figueras, Fiscal,* for the appellee.

Mr. Justice Wolf delivered the opinion of the court.

The error assigned with regard to the constitutionality of Act No. 24 of 1924, prohibiting the carrying of certain weapons, is disposed of by our decisions in *People v. Vadi,* 34 P.R.R. 441, *People v. Cruz Rosado,* 34 P.R.R. 305, and *People v. Acevedo,* 34 P.R.R. 439.

■ The next assignment in effect is that the complaint is defective inasmuch as the defendant is charged in the disjunctive with bearing (*portar*) or carrying (*conducir*) a weapon. We agree with the *Fiscal* that the words are synonymous and set up a single offence.

■ At the utmost, moreover, the complaint would be double and that is a defect of form. Defects of form and the like must be raised not by demurrer, but by motion to set aside or similar motion, and generally such a motion should be made before the trial. *People v. Córdova,* 9 P.R.R. 311; *People v. Ortiz,* 7 P.R.R. 141; *People v. Cintrón,* 26 P.R.R. 218; *People v. Paris,* 25 P.R.R. 103; *People v. Moreno,* 28 P.R.R. 96; *People v. Rosaly,* 28 P.R.R. 439; *People v. Echevarry et al.,* 28. P.R.R. 6. In each of the two cases last named the offence was stated in the disjunctive, but the information or complaint was sustained inasmuch as the defect was not duly raised in the court below.

The remaining assignment of error relates to the evidence. A witness for the defendant said that while two other men were fighting the accused took a pistol out of an automobile and carried it into a little restaurant to get it out of the way. The pistol was not loaded, but could have readily been charged and used, according to the testimony of the government's witness, a policeman. The latter said that while two men were fighting the defendant reached for a pistol, but that when he discovered the policeman he carried the pistol to the restaurant and deposited it there. There was a conflict

in the evidence, which we do not find was erroneously weighed by the court.

The judgment should be affirmed.